IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01525-BNB

DANIEL G. SELF,

    Applicant,

v.

KEVIN MILYARD, Warden, Sterling Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

**F I L E D**
UNITED STATES DISTRICT COURT
DF       COLORADO

SEP 2 4 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

I. Background

    Applicant Daniel G. Self is in the custody of the Colorado Department of

Corrections and currently is incarcerated at the Sterling, Colorado, Correctional Facility.

Mr. Self initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in

Case No. 03CR1450 in the El Paso County District Court of Colorado.  Magistrate

Judge Boyd N. Boland entered an order on July 7, 2009, directing Respondents to file a

Pre-Answer Response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C.

§ 2254(b)(1)(A).  On July 23, 2009, Respondents filed a Pre-Answer Response.  Mr.

Self did not file a Reply to the Pre-Answer Response, but he filed a Motion for an Order of Stay and Abeyance on July 14, 2009.

Mr. Self asserts that following a jury trial he was convicted of first degree murder on June 18, 2004, and was sentenced to life without the possibility of parole. (Application at 1-2.) He further asserts he filed a direct appeal, in which the Colorado Supreme Court denied his petition for certiorari review on October 7, 2008. (Application at 2-3.) Mr. Self also states that he filed a petition for writ of certiorari with the United States Supreme Court in his direct appeal that was denied on April 20, 2009. (Application at 4.)

## II. Analysis

The Court must construe liberally Mr. Self's Application and his Motion for Stay and Abeyance because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court finds the action is timely but will dismiss the action without prejudice as a mixed petition.

### A. 28 U.S.C. § 2244(d) Time-Bar

For purposes of § 2244(d), the one-year time limitation began to run on April 21, 2009, the day after the United States Supreme Court denied a petition for certiorari review and Mr. Self's conviction became final. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Respondents concede that Mr. Self's Application is timely under 28 U.S.C. § 2244(d).

2

B. State-Court Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (internal citation omitted). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents contend that the only exhausted claims in the Application include: (1) Claim One, to the extent that Mr. Self's due process rights were violated when the Colorado Court of Appeals conducted improper fact finding and **de novo** review of two exceptions to the warrant requirement; (2) Claim Three, to the extent that Mr. Self's right to a fair trial and an impartial jury was violated because of the improper admission of highly prejudicial evidence; and (3) Claim Four, to the extent that Mr. Self's failure to raise the issue in the Colorado Supreme Court does not bar review. (Pre-Answer Resp. at 31-32.) Respondents further contend that the remainder of the claims are procedurally barred, except for Claim Six, an ineffective assistance of counsel claim, which Mr. Self has yet to raise and still may pursue in state court. (Pre-Answer Resp. at 31.)

Mr. Self concedes that he has not exhausted Claim Six. As for Mr. Self's request that this Court stay the instant action while he exhausts his state court remedies regarding Claim Six, the United States Supreme Court has found that an applicant could preserve the timeliness of an application by requesting that the court issue a stay and abeyance while he continues to pursue his unexhausted claims in state court. **See Pliler v. Ford**, 542 U.S. 225 (2004) (O'Connor J., concurring). A stay and abeyance,

4

however, is only available in limited circumstances. *Rhines v. Webster*, 544 U.S. 269, 277 (2005). Mr. Self must establish "good cause" for his failure to first exhaust the claims in state court. *Rhines*, 544 U.S. at 277. For the following reasons, a stay and abeyance of this case is not proper.

The time limitation period for purposes of 28 U.S.C. § 2244(d) began to run on April 21, 2009, the day after the United States Supreme Court denied Mr. Self's petition for certiorari relief. Even if Mr. Self did not file a postconviction motion in state court, he would have until April 20, 2010, to file a habeas action in this Court. Nonetheless, Mr. Self asserts that he filed a postconviction motion subsequent to filing this case.

The time during which a proper postconviction is pending in state court is tolled for the purposes of § 2244(d). *See Habteselassie v. Novak*, 209 F.3d 1208 (10th Cir. 2000). Furthermore, Respondents stated in their Pre-Answer Response that Mr. Self had a remedy available to him in state court to raise his ineffective assistance of counsel claim, indicating that filing a postconviction motion would be proper. The Court, therefore, finds no basis for staying the instant action until Mr. Self has exhausted his state court remedies with respect to his ineffective assistance of counsel claim.

III. Conclusion

Based on the above findings, the Court will dismiss the instant Application without prejudice as a mixed petition. Accordingly, it is

ORDERED that Mr. Self's Motion for an Order of Stay and Abeyance (Doc. # 6) is denied. It is

5

FURTHER ORDERED that the Application is denied and the action is dismissed without prejudice as a mixed petition.

DATED at Denver, Colorado, this _23_ day of _____Sept._____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-01525-BNB

Daniel G. Self
Prisoner No.  122359
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Susan E. Friedman
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/24/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk